**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DONALD G. CARMAN,**

**Plaintiff,**

vs. **Case No.:**

**ERIC K. SHINSEKI, SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS,**

**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, Donald G. Carman ("Carman") complains of Defendant, Eric K. Shinseki, Secretary, Department of Veterans Affairs ("Secretary"), as follows:

## JURISDICTION

1. This court has jurisdiction of the claims in this complaint pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331.

2. Plaintiff has complied with all jurisdictional prerequisites to action under the Rehabilitation Act and the ADA, as amended, including having exhausted or being excused of any required administrative remedies.

## PARTIES

3. James A. Haley VA Medical Center ("James A. Haley VAMC") is a Veterans Administration ("VA") hospital and medical center with related services located in Tampa,

Florida.

4. Each of the employees of the VA or described herein was employed by the Defendant or James A. Haley VAMC and was acting within the course and scope of his or her employment with the Defendant or James A. Haley VAMC at the time of the conduct described herein.

5. Carman, a resident of Plant City, Florida is a Fire Protection Inspector, Series 0081, Grade 7 with the James A. Haley VAMC. He has been employed at James A. Haley VAMC from June 2007 to the present. At all relevant times, Carman's first-line supervisor was Debbie Ferekides, a Supervisory Safety Engineer with James A. Haley VAMC, and Carman's second-line supervisor was Ronald Stipp, Chief of Facilities Management Service for James A. Haley VAMC. Carman is disabled; his disability involves a lumbar-spine condition and a cervical-spine condition that also affect his legs, left shoulder and left arm. Major life activities substantially limited by Carman's disability include self-care, prolonged walking, prolonged standing, prolonged sitting, and other activities involving flexibility of the spine.

## GENERAL ALLEGATIONS

6. Due to his disability, Carman underwent back surgery in August 2008 requiring several weeks of recovery. Carman had provided notice to his supervisors several months before the surgery was scheduled.

7. In January 2009, Carman made an informal EEO complaint describing his having been denied various training opportunities on the basis of his disability.

8. On February 27th, 2009, Carman filed a formal complaint related to matter described in paragraph 6 with the EEO (Case No. 200I-0673-2009101335).

9. At the relevant times, Ferekides and Stipp were aware of relevant prior EEO

activity by Carman when they took the adverse actions against Carman.

10. On or about March 17, 2009, Carman was issued a 5-day suspension for failure to complete fire extinguisher inspections, falsification of fire extinguisher's checklist, and failure to conduct fire drills. The alleged incidents occurred from January though March of 2008, approximately one year before Carman was notified of his suspension.

11. Effective May 18, 2009, Carmen was reclassified from Fire Protection Inspector GS 0081-8 to Fire Protection Inspector GO 0081-7, thus resulting in a grade reduction.

**COUNT I**
**(Retaliation)**

12. Plaintiff, Donald G. Carman, sues Eric K. Shinseki, as the Secretary of Veterans Affairs, for retaliation under the ADA and the Rehabilitation Act.

13. Plaintiff incorporates and realleges paragraphs 1 through 11.

14. Plaintiff engaged in EEO activity which is protected under the Rehabilitation Act and the ADA.

15. The Defendant was aware of each of the Plaintiff's protected or EEO activities under the Rehabilitation Act and the ADA.

16. The aforesaid adverse employment actions; other adverse actions; misconduct; and other conduct, acts and omissions to the Plaintiff's detriment; as well as other adverse employment actions and conduct, were all taken (or failed to be taken) by administrators and managing and supervisory personnel at James A. Haley VAMC in retaliation for the protected or EEO activity of the Plaintiff including those set forth above.

17. As a direct and proximate result of the protected or EEO activity, Plaintiff has suffered the adverse employment actions and other adverse actions, including these set forth

above.

18. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff.

19. The Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

20. The Defendant, through the supervisors of the Plaintiff, including Ferekides and Stipp, has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiff's efforts to obtain relief under the ADA and the Rehabilitation Act.

21. The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors at James A. Haley VAMC that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice by administrators, managers and supervisors at James A. Haley VAMC.

22. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied her right to equal employment opportunity in violation of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.

23. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; payment of attorneys' fees and legal costs; loss of an amicable work environment; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

24. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

**COUNT II**
**(Disability Discrimination)**

25. Plaintiff, Donald G. Carman, sues Eric K. Shinseki, the Secretary of Department of Veterans Affairs for disability discrimination under the Rehabilitation Act and the ADA.

26. Plaintiff incorporates and realleges paragraphs 1 through 11.

27. As a direct and proximate result of the aforesaid conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of his disability.

28. All of the above discriminatory actions were taken by the supervisory personnel within the Department of Veterans Affairs in order to deprive the Plaintiff of employment and other employment action because of his disability.

29. The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against the Plaintiff.

30. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

31. The Defendant, through the Plaintiff's managers and supervisors, has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under the Rehabilitation Act and the ADA.

32. The Defendant, through acceptance of the complained of conduct, has fostered an attitude among managers and supervisors at James A. Haley VAMC that disability discrimination is acceptable employment practice.

33. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied her rights to equal employment opportunity in violation of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.

34. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; loss of an amicable work environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

35. Plaintiff has satisfied all conditions precedent to filing of this suit or she has been prevented by the Defendant from satisfying such conditions precedent or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, attorneys' fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Donald G. Carman, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Joseph D. Magri
Florida Bar No.: 0814490

Merkle Magri & Meythaler, P.A.
5415 Mariner St., Suite 103
Tampa, FL 33609
Tel. (813) 281-9000
Fax.: (813) 281-2223
Email: jmagri@merklemagri.com